UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| VINCENT R. McWADE,<br><br>      Petitioner,<br><br>  *v.*<br><br>THE STATE OF NEW YORK and THE WARDEN<br>OF THE WESTCHESTER COUNTY<br>PENITENTIARY,<br><br>      Respondents. | 05 Civ. 2506 (SCR)(GAY)<br><br><u>ORDER ADOPTING</u><br><u>REPORT AND</u><br><u>RECOMMENDATION</u> |

STEPHEN C. ROBINSON, District Judge:


## I. Background

  This case was referred to Magistrate Judge George A. Yanthis for the issuance of a report

and recommendation as to the petition brought by Vincent R. McWade (the "Petitioner").  On

February 16, 2005, the Petitioner was adjudicated to be in contempt of a 1997 judgment of divorce

and given one week to pay $14,000 or be incarcerated.  On February 23, 2005, after having failed

to pay the necessary sum, the Petitioner was sentenced to six months in Westchester County

Penitentiary, where he presently remains.  The Petitioner has filed for a writ of habeas corpus,

pursuant to 28 U.S.C. § 2254, challenging the civil contempt finding of the Westchester County

Supreme Court and his subsequent incarceration.  Petitioner argues that:  (1) the court below did

not properly follow the procedures required by New York State Judiciary Law in finding him

liable for civil contempt, and (2) his subsequent imprisonment is unconstitutional.  This order

addresses the Report and Recommendation dated May 20, 2005, in which Judge Yanthis

recommends that the petition should be denied.

USD SDNY
DO T
E FILED
DOC
DATE FIL

## II. Standard of Review

In reviewing a report and recommendation, a court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). "To accept the report and recommendation of a magistrate, to which no timely objection has been made, a district court need only satisfy itself that there is no clear error on the face of the record." *Nelson v. Smith*, 618 F. Supp. 1186, 1189 (S.D.N.Y. 1985) (citations omitted). *See also Pizarro v. Bartlett*, 776 F. Supp. 815, 817 (S.D.N.Y. 1991) (court may accept report if it is "not facially erroneous"). However, a district court judge is required to make a de novo determination as to the aspects of the report and recommendation to which objections are made. 28 U.S.C. § 636 (b)(1); *United States v. Raddatz*, 447 U.S. 667, 673-674 (1980); *United States v. Male Juvenile*, 121 F.3d 34, 38 (2d Cir. 1997). Here, the Petitioner has objected to Judge Yanthis' recommendation.

## III. Discussion

"An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the State. . . ." 28 U.S.C. § 2254(b)(1). "Habeas review is an extraordinary remedy." *Bousley v. United States*, 523 U.S. 614 (1998) (citing *Reed v. Farley*, 512 U.S. 339 (1994)). "Where a regular route of appeal exists, habeas corpus will be allowed in only exceptional cases." *See Martin-Trigona v. Shiff*, 702 F.2d 380, 388 (2d Cir. 1983). The Petitioner has not presented his claims for post-conviction relief to the highest state court, arguing that an appeal would have consumed the period of his sentence. Judge Yanthis recommends that this matter does not merit habeas review merely because exhaustion would not have taken place until after the Petitioner's release from custody. *See Crescenzi v. Supreme Court of the State of New*

*York*, 749 F. Supp. 552, 555 (S.D.N.Y. 1990). Furthermore, Judge Yanthis recommends that the Petitioner's appeal would not have been rendered moot by the end of his term of imprisonment. *MacKinnon v. MacKinnon*, 716, N.Y.S.2d 449, 451 (3rd Dept. 2000).

In his timely filed objection, the Petitioner claims that he could not have appealed the order in state court. He alleges that there has been no written order and no written notice of entry that could be appealed from, and, thus, the time to take an appeal has not begun to run. If the Petitioner is correct in his contention that time remains for him to make an appeal in state court, then the Petitioner has not exhausted the remedies available in state courts, and federal habeas review cannot be granted. *See* 28 U.S.C. § 2254(b)(1).

However, assuming that the time within which the Petitioner could have perfected his appeal – thirty days – has expired, New York procedural rules bar the Petitioner from making his claim before the New York Court of Appeals. *See* N.Y. Crim. Proc. Law § 440.10(2)(c). Collateral review of the Petitioner's claim is also barred because it could have been raised on direct appeal. *See* N.Y. Crim. Proc. Law § 440.10(2)(c). Judge Yanthis recommends that the Petitioner has not shown "cause for the procedural default and prejudice resulting therefrom," and, thus, his forfeiture of the claim "bars him from litigating the merits of his claim in federal habeas review." *See Grey v. Hoke*, 933 F.2d 117, 121 (2d Cir. 1991). Judge Yanthis also recommends that this Court's failure to address the merits of the claim would not result in a fundamental miscarriage of justice. *See Murray v. Carrier*, 477 U.S. 478, 496 (1986).

In his timely filed objection, the Petitioner argues that this Court should decide the proceedings, alleging that his incarceration is unconstitutional. However, he makes no further showing that a constitutional violation occurred, or that a failure to consider his claim would result in a fundamental miscarriage of justice. *See id.* Accordingly, the Petitioner's claim is procedurally barred from consideration by this Court.

## IV. Conclusion

This Court finds Magistrate Judge Yanthis' recommendation to be persuasive. Having reviewed the thorough and well-reasoned Report and having conducted a de novo review, I accept and adopt the Report. Petitioner's claim is procedurally barred from consideration by this Court. Accordingly, the writ of habeas corpus is denied.

As stated in 28 U.S.C. § 2253(c)(1), "[u]nless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals...(2) the certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right." As Petitioner has not made a substantial showing of the denial of a constitutional right, a certificate of appealability will not issue. 28 U.S.C. § 2253; *see Lozada v. United States*, 107 F.3d 1011, 1016-17 (2d Cir. 1997), *abrogated on other grounds by United States v. Perez*, 129 F.3d 255, 259-60 (2d Cir. 1997). Further, this Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that an appeal from this order would not be taken in good faith. *Coppedge v. United States*, 369 U.S. 438, 8 L.Ed. 2d, 82 S. Ct. 917 (1962).

The Clerk of the Court is directed to close this case.


IT IS SO ORDERED.

White Plains, New York
Dated: *Sept 1*_____, 2005

_____
Stephen C. Robinson
United States District Judge

4